It appears inconsistent to hold ". . . the trial court was prohibited from considering the disparity between the parties' social security benefits in awarding appellee the equity in the marital residence to offset appellant's greater social security benefits," (Majority Opinion at 8), yet allow the trial court to consider the disparity when equitably allocating pension benefits, as this Court has previously authorized inDockus v. Dockus (April 18, 1996), Stark App. No. 1995CA00252, unreported, and Black v. Black (Nov. 4, 1996), Stark App. No. 1996CA00052, unreported. Appellant's pension benefits were properly considered marital assets and divided equally. Why allow the disparity between the parties' social security benefits to be considered in equitably dividing one type of marital asset (pension), but not another type of marital asset (the marital residence)?
The majority reaffirms this Court's holding in Thomas v. Thomas (Dec. 20, 1993), Stark App. No. CA9346, unreported, wherein we held social security benefits are not a marital asset subject to division. I agree with Judge Farmer's concurring opinion in Black and Hewitt v. Hewitt
(Sept. 11, 2000), Stark App. No. 2000CA00042, unreported.[5] When the parties are under fifty-five years of age, consideration of social security benefits is tenuous at best.
[5] Appellant mistakenly identifies the portion of Hewitt upon which he relies as a dissent. (Appellant's Brief at 12).